UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 13-CV-0669-CAS-MAN | Date | April 17, 2015 |
|---|---|---|---|
| Title | MARCELO HERNANDEZ-ROJAS v. M.K. PINNEL, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** **(In Chambers)** PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AGAINST ALL DEFENDANTS (Dkt. No. 53)

## I. INTRODUCTION

Plaintiff Marcelo Hernandez-Rojas initiated this civil rights action on January 31, 2013. The operative First Amended Complaint ("FAC") was filed on July 25, 2013 against the Federal Bureau of Prisons ("BOP") and individual federal officer defendants named as M.K. Pinnel, O. Salcido, Jaspal Dhaliwal, Patel, Colcol, Valencia, Warren, Holley, Garcia, and Does 1 through 20. Dkt. No. 20.

On March 18, 2015, plaintiff filed a request for entry of default against all defendants, pursuant to Federal Rule of Civil Procedure 55(a). Dkt. No. 53. The individual defendants opposed that request on March 27, 2015. Dkt. No. 57. Plaintiff filed a reply on April 2, 2015. Dkt. No. 58. For the reasons that follow, the Court denies the application for entry of default.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Entry of default pursuant to Rule 55(a) is a prerequisite to the entry of a default judgment. 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2682 (3d ed. Sept. 2014). Although the Clerk of Court usually enters default without any action being taken by a court, a default may also be entered by the court. In re Burchell Enter., Inc., No. 04-5193 SBA, 2005 WL 1154302, at *1 (N.D. Cal. May 16,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 13-CV-0669-CAS-MAN | Date | April 17, 2015 |
|---|---|---|---|
| Title | MARCELO HERNANDEZ-ROJAS v. M.K. PINNEL, ET AL. | | |

2005) (citing <u>Breuer Elec. Mfg. v. Toronado Sys. Of Am.</u>, 687 F.2d 182, 185 (7th Cir. 1982)).

"Before a default can be entered, the court must have jurisdiction over the party . . . which also means that the party must have been effectively served with process." Wright & Miller § 2682 (footnote omitted). "[W]ithout substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.' " <u>Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.</u>, 840 F.2d 685, 688 (9th Cir. 1988) (quoting <u>Benny v. Pipes</u>, 799 F.2d 489, 492 (9th Cir. 1986)). Default judgments "are generally disfavored," and "[w]henever it is reasonably possible, cases should be decided upon their merits." <u>Pena v. Seguros La Comercial, S.A.</u>, 770 F.2d 811, 814 (9th Cir. 1985).

As an initial matter, to the extent plaintiff seeks the entry of default against the BOP, that request is improper because plaintiff voluntarily dismissed the BOP from this action on November 21, 2013. Dkt. No. 34.

As to the individual defendants, plaintiff does not argue that any of them have been properly served, and does not contest defendants' assertion that none have been. Rather, plaintiff argues that all individual defendants made a "general appearance" based on two court filings. This argument is without merit.

First, plaintiff argues that all individual defendants made a general appearance through an October 10, 2013 *ex parte* application for an extension of time to file a response to the FAC. Dkt. No. 25. This application was filed by Assistant United States Attorney Leon W. Weidman during a period in which funding for the Department of Justice had lapsed. <u>Id.</u> ¶ 1. For this reason, DOJ attorneys were temporariliy prohibited from working, even on a voluntary basis, except in limited emergency circumstances. <u>Id.</u> ¶ 2. Weidman indicated that David A. Dejute, the attorney assigned to represent the federal defendants in this case, was "prohibited from working on this case due to the lack of appropriations." <u>Id.</u> ¶ 3. Weidman stated that upon a "cursory review of the file," it appeared that an answer to the FAC could be due soon, but that it was "unclear which of the individual defendants have been served." <u>Id.</u> ¶ 4. The application stated that because it was "not known when funding will be restored," the "Federal Defendants <u>who have been served in this matter</u> hereby request an extension of time to file a response to" the FAC. <u>Id.</u> (emphasis added). It is clear that this application was made only on behalf of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 13-CV-0669-CAS-MAN | Date | April 17, 2015 |
|---|---|---|---|
| Title | MARCELO HERNANDEZ-ROJAS v. M.K. PINNEL, ET AL. | | |

any individual defendants who had been served, and that due to extraordinary circumstances, the attorney filing the *ex parte* application was unaware which individual defendants (if any) had been served. As it turned out, no individual defendants had been served. This application did not represent an appearance by all individual defendants exposing them to entry of default without service of process.

Second, plaintiff argues that all individual defendants appeared by filing a motion to dismiss on November 8, 2013. Dkt. No. 32. But it is abundantly clear that this motion to dismiss was filed only on behalf of the BOP, which was the only defendant that had been served. The notice of motion states: "NOTICE IS HEREBY GIVEN that Defendant Bureau of Prisons, by and through its undersigned counsel, hereby moves to dismiss all claims against it." Id. at 2 (emphasis added). The body of the motion made arguments pertaining to the claims against the BOP, and concluded by stating that "all of Plaintiff's claims against the Bureau of Prisons should be dismissed." Id. at 5 (emphasis added). The conclusion of the motion requested that the Court dismiss the FAC "with respect to Defendant Bureau of Prisons," and expressly noted that "[n]o other Defendant has been served." Id. at 6. That this motion was filed only on behalf of the BOP is further illustrated by the fact that after plaintiff voluntarily dismissed the BOP only, the motion to dismiss was withdrawn in its entirety. Dkt. Nos. 34, 35. The withdrawal of that motion stated: "As there are no other defendants who have been served, no further action on the part of any Federal Defendant is required." Dkt. No. 35 at 2. Plaintiff's contention that the motion to dismiss should nevertheless be deemed a "general appearance" by the individual defendants because the caption lists the Assistant United States Attorneys as "Attorneys for the Bureau of Prisons and all individually named Federal Defendants," Reply at 5, lacks merit.

For these reasons, plaintiff's application for entry of default is **DENIED**.

IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | PG |