UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV13-669-CAS(MANx) | Date | March 18, 2016 |
|---|---|---|---|
| Title | MARCELO HERNANDEZ-ROJAS v. M. K. PINNELL, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION (Dkt. 83, filed January 12, 2016)

The Court finds this motion appropriate for decision without oral argument and the matter is hereby taken under submission. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.

## I. INTRODUCTION

Plaintiff Marcelo Hernandez-Rojas ("plaintiff") filed the operative third amended complaint in this action against defendants United States of America; M.K. Pinnell; Jaspal Dhaliwal, M.D.; "O. Salcido"; "Patel"; "Colcol"; "Valencia"; "Warren"; "Holley"; "Garcia"; Lawrence S. Riemer, M.D. ("Riemer"); and Does 1-20, inclusive. Dkt. 77 (TAC). The TAC asserts the following three claims: first, a Bivens claim for violation of plaintiff's Eighth Amendment rights, pursuant to Bivens v. Six Unknown Named Fed. Narcotics Agents, 403 U.S. 388 (1971), against individual defendants Pinnell, Dhaliwal, Salcido, Patel, Colcol, Valencia, Warren, Holley, and Garcia (collectively, the "individual Federal Defendants"); second, a negligence claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672, et seq., against all defendants except Riemer; and third, a professional negligence claim against Riemer.

On January 12, 2016, defendant Riemer filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 83. ("Motion"). On February 23, 2016, plaintiff filed an opposition to the instant motion. Dkt. 87 ("Opp'n").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV13-669-CAS(MANx) | Date | March 18, 2016 |
|---|---|---|---|
| Title | MARCELO HERNANDEZ-ROJAS v. M. K. PINNELL, ET AL. | | |

Defendant Riemer did not file a reply. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

The operative third amended complaint pleads the following facts:

Plaintiff Marcelo Hernandez-Rojas is a citizen of Mexico. TAC at ¶ 9. On or about December 19, 2011, plaintiff was incarcerated at the Lompoc Federal Correctional Complex ("FCC") in Lompoc, California, following a conviction for remaining in the United States unlawfully. Id. at ¶ 25. Plaintiff avers that before arriving at Lompoc FCC, he was suffering from "an undiagnosed serious medical condition which caused severe pain in his legs." Id. at ¶ 27. The TAC contains many allegations of plaintiff's repeated complaints to Lompoc FCC personnel and medical staff regarding pain in his legs and feet. See id. at ¶¶ 25-49. Plaintiff avers that from December 2011 through at least October 2012, the individual Federal Defendants deprived him of his Eighth Amendment rights by "accus[ing] [him] of lying or 'complaining' about his severe pain and increasingly worse medical condition" and "refusing to allow [him] to schedule appointments with the appropriate medical physicians," despite his "repeated[] request[s]" to see medical specialists. Id. at ¶¶ 62-63.

Plaintiff states that in October 2012, a surgeon (who is not a defendant in this action) visited Lompoc FCC and determined that plaintiff "had no blood circulation in his right foot and very poor blood circulation in his left foot," such that plaintiff "needed to see a specialist immediately." Id. at ¶ 49. On or about November 13, 2012, plaintiff was transferred from Lompoc FCC to a private medical facility, Lompoc Valley Medical Center, for treatment of his condition. Id. at ¶ 51. At Lompoc Valley Medical Center, defendant Lawrence S. Riemer, M.D. evaluated plaintiff and allegedly "misdiagnosed [p]laintiff's condition as an infection." Id. at ¶ 52. Plaintiff received antibiotics for six days while at Lompoc Valley Medical Center, until on or about November 19, 2012, when plaintiff's right foot became gangrenous. Id. at ¶ 53. On or about November 20, 2012, plaintiff was admitted to the Marian Regional Medical Center in Santa Maria, California, where he was diagnosed with advanced necrosis, ischemia, and impending loss of his limb. Id. at ¶ 54. According to plaintiff, the physicians at Marian Regional Medical Center tried "to save" his right foot, but it was ultimately "too late," and plaintiff "had to have his right leg and foot amputated on November 30, 2012." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV13-669-CAS(MANx) | Date | March 18, 2016 |
|---|---|---|---|
| Title | MARCELO HERNANDEZ-ROJAS v. M. K. PINNELL, ET AL. | | |

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

### IV. DISCUSSION

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). A state law claim like plaintiff's professional negligence claim against Riemer "is part of the same case or controversy when [1] it shares a 'common nucleus of operative fact' with the federal claims and [2] the state and federal claims would normally be tried together." Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                               'O'

| Case No. | CV13-669-CAS(MANx) | Date | March 18, 2016 |
|---|---|---|---|
| Title | MARCELO HERNANDEZ-ROJAS v. M. K. PINNELL, ET AL. | | |

  In the instant motion, defendant Lawrence S. Riemer, M.D. argues that the Court lacks subject matter jurisdiction over plaintiff's professional negligence claim against him because this claim is not part of the same "case or controversy" that gives rise to plaintiff's <u>Bivens</u> and FTCA claims.  Specifically, Riemer avers that he practices in a private medical hospital, is not an employee of the federal government, and had no contact whatsoever with plaintiff between December 2011 and November 13, 2012—the relevant period underlying plaintiff's <u>Bivens</u> and FTCA claims.  Accordingly, because the "timing and location of the claims against the federal government have absolutely nothing in common with the claims against [him]," Riemer argues that the claims do not arise from the same nucleus of operative facts, and the Court therefore cannot properly exercise supplemental jurisdiction over plaintiff's professional negligence claim.  Motion at 6.  Furthermore, even if the Court may exercise supplemental jurisdiction over plaintiff's professional negligence claim, Riemer argues that it should decline to do so.  <u>See</u> 28 U.S.C. § 1367(c)(4) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) . . . in exceptional circumstances, [where] there are other compelling reasons for declining jurisdiction.").[1]

  In his oppositon, plaintiff argues that Riemer's November 2012 medical treatment "was a part of a . . . chain of events" that "began at the prison wherein [plaintiff] was repeatedly denied the medical care he needed," and ended with the amputation of plaintiff's leg in the weeks following Riemer's alleged misdiagnosis on November 13, 2012.  Opp'n at 7.  Plaintiff further avers that according to his vascular surgery expert, *both* the individual Federal Defendants' repeated delays and defendant Riemer's alleged misdiagnosis were "substantial factors in causing the amputation of [p]laintiffs leg."  <u>Id.</u> at 7-8.

---

  [1] Specifically, Riemer argues that plaintiff's <u>Bivens</u> and FTCA claims "are sure to inflame the emotions of any juror selected to the case, and it would be exceedingly easy for those emotions to carry over to Dr. Riemer, despite the fact that he had absolutely nothing to do with any alleged conduct by prison officials."  Motion at 8.  Riemer further avers that convenience, judicial economy, and "[b]asic notions of fairness and justice require any claim against [him] be tried separately from those against the federal government."  <u>Id.</u> at 8-10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV13-669-CAS(MANx) | Date | March 18, 2016 |
| Title | MARCELO HERNANDEZ-ROJAS v. M. K. PINNELL, ET AL. | | |

Ultimately, however, as plaintiff notes, the Court need not reach the merits of Riemer's arguments regarding supplemental jurisdiction because plaintiff has asserted diversity jurisdiction as to all defendants, pursuant to 28 U.S.C. § 1332 ("Section 1332"). See TAC at ¶¶ 2-3, 9. Under Section 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy [1] exceeds the sum or value of $75,000 . . . and [2] is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). As stated *supra*, plaintiff alleges that he is a citizen of Mexico. TAC at ¶ 9; see also id. at ¶ 21 (noting Riemer "is a physician licensed to practice medicine in the county of Santa Barbara, California and was doing so at Lompoc Valley Medical Center at all relevant times alleged herein"). Although under Section 1332 district courts "shall not have original jurisdiction . . . [over an] action between citizens of a State and citizens or subjects of a foreign state *who are lawfully admitted for permanent residence in the United States and are domiciled in the same State*," id. (emphasis added), this exception does not apply here, where plaintiff alleges he was incarcerated for remaining in the United States unlawfully. See id. at ¶ 25. Riemer has not filed a reply to plaintiff's opposition; accordingly, at least for purposes of the instant motion, Riemer appears not to challenge plaintiff's assertion of diversity jurisdiction. Therefore, Riemer's motion to dismiss for lack of subject matter jurisdiction must be denied.

## V.  CONCLUSION

In accordance with the foregoing, defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is hereby **DENIED**. Accordingly, the hearing date of March 21, 2016, is **VACATED.**

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CL | |