UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-00669-CAS (JCx) | Date | January 30, 2017 |
| Title | MARCELO HERNANDEZ-ROJAS v. M. K. PINNELL, ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (CHAMBERS) - PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER TO STAY FURTHER DISTRICT COURT PROCEEDINGS PENDING DEFENDANTS' APPEALS OF THE COURT'S ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 184, filed January 20, 2018)

## I. INTRODUCTION & BACKGROUND

On February 12, 2013, plaintiff Marcelo Hernandez-Rojas filed this civil rights action alleging that medical personnel at the Federal Correctional Institution in Lompoc, California exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Dkt. 3. On October 21, 2015, plaintiff filed the operative complaint against the United States of America (the "United States"), Jaspal Dhaliwal ("Dhaliwal"), Oscar Salcido ("Salcido"), Mahesh Patel ("Patel"), Marsha Pinnell ("Pinnell"), Luis Colcol, Jr. ("Colcol"), Joyce Hawley ("Hawley"), Tennille Warren-Phillips ("Warren-Phillips"), Manuel Valencia ("Valencia"), Simone Garcia ("Garcia"), and Lawrence S. Riemer (" Riemer"). Dkt. 77 ("TAC"). The complaint asserts the following three claims: (1) an Eight Amendment claim pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) against individual federal defendants Dhaliwal, Salcido, Patel, Pinnell, Colcol, Hawley, Warren-Phillips, Valencia, and Garcia; (2) a negligence claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2672, et seq., against the United State; and (3) a professional negligence claim against Riemer.[1]

---

[1] Riemer, a private physician, was voluntarily dismissed pursuant to the parties' stipulation. Dkt. 124. The parties also stipulated to the dismissal of individual federal defendants Valencia and Garcia. Dkt. 146.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-00669-CAS (JCx) | Date | January 30, 2017 |
| Title | MARCELO HERNANDEZ-ROJAS v. M. K. PINNELL, ET AL. | | |

On November 3, 2017, the remaining individual federal defendants, Dhaliwal, Salcido, Patel, Pinnell, Colcol, Hawley, and Warren-Phillips, filed a motion for summary judgment solely with respect to plaintiff's Bivens claim—arguing that (1) the uncontroverted facts demonstrated that defendants were not deliberately indifferent to plaintiff's serious medical needs; and (2) defendants are entitled to qualified immunity. Dkt. 151. On January 8, 2018, the Court granted the motion in part and denied it in part. Dkt. 171. Specifically, the Court granted the motion with respect to plaintiff's claim against Warren-Phillips but denied the motion in all other respects. Id. at 19. Because the Court found that plaintiff presented a genuine issue of material fact as to whether Dhaliwal, Salcido, Patel, Pinnell, Colcol, and Hawley were deliberately indifferent to his serious medical needs, the Court concluded that a determination on the issue of qualified immunity would be premature and accordingly denied defendants' motion on qualified immunity grounds. Id. at 18.

On January 11, 2018, defendants Dhaliwal, Patel, Pinnell, and Colcol filed a notice of appeal. Dkt. 172. On January 12, 2018, defendants Salcido and Hawley filed a separate notice of appeal. Dkt. 175. An order denying a motion for summary judgment is interlocutory and therefore generally not appealable; however, an order denying summary judgment on a qualified immunity defense may be directly appealable under the collateral order doctrine. See Cunningham v. Gates, 229 F.3d 1271, 1284 (9th Cir. 2000). A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam). Although the Court now lacks jurisdiction over plaintiff's Bivens claim against the individual federal defendants, plaintiff's FTCA claim against the United States is scheduled to proceed to trial beginning March 20, 2018. Dkt. 145. The final pretrial conference will be held on February 5, 2018. Id. Plaintiff was required to lodge a final pretrial conference order by January 25, 2018. See C.D. Cal. L.R. 16-7.1.

On January 20, 2018, plaintiff filed the instant ex parte application for an order to stay further proceedings pending defendants' appeals of the Court's summary judgment order. Dkt. 184 ("Mot."). On January 25, 2018, defendants filed an opposition. Dkt. 185 ("Opp'n"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-00669-CAS (JCx) | Date | January 30, 2017 |
| Title | MARCELO HERNANDEZ-ROJAS v. M. K. PINNELL, ET AL. | | |

## II.  LEGAL STANDARDS

Ex parte applications are appropriate only in "extremely limited" circumstances. In re Intermagnetics America, Inc., 101 B.R. 191, 193 (C.D. Cal. 1989). In order to justify ex parte relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. See Mission Power Eng'g Co. v. Continental Cas. Co., 883 F.Supp. 488, 492 (C.D. Cal. 1995). In addition, under this Court's Local Rules, the attorney applying for ex parte relief has a duty (1) "to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application" and (2) "to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." C.D. Cal. L.R. 7-19.1.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706–07 (1997) (citing Landis v. North Am. Co., 299 U.S. 248 (1936)). When considering whether to stay proceedings, courts consider (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted). However, "if there is even a fair possibility that the stay . . . will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (internal quotation marks and citation omitted). The party seeking a stay bears the burden of establishing its need. Clinton, 520 U.S. at 708 (citing Landis, 299 U.S. at 255).

## III.  DISCUSSION

Plaintiff contends that ex parte relief is appropriate given the impending trial dates and requests a stay on two related grounds. Mot. at 2. First, plaintiff indicates that he is filing motions to dismiss the Bivens defendants' appeals, "which were not likely filed in good faith," and that the Ninth Circuit Court of Appeals cannot timely decide these motions prior to the currently scheduled pretrial conference. Id. at 2, 6. Second, if this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | | **'O'** |
| Case No. | 2:13-cv-00669-CAS (JCx) | | Date | January 30, 2017 |
| Title | MARCELO HERNANDEZ-ROJAS v. M. K. PINNELL, ET AL. | | | |

case proceeds to trial on plaintiff's FTCA claim, his Bivens claim would be barred under 28 U.S.C. § 2676, even if the Ninth Circuit subsequently were to dismiss defendants' appeals for lack of jurisdiction.[2]  Id. at 6.  Plaintiff's counsel states he complied with Local Rule 7-19.1, in relevant part, by emailing defense counsel on January 16, 2018 expressing plaintiff's intent to file the instant application and describing its nature.  Id. at 3, Declaration of Kevin S. Conlogue ("Conlogue Decl.") ¶ 2, Ex. 1.  Defendants argue that plaintiff's ex parte application should be denied because (1) plaintiff failed to afford defense counsel proper notice and failed to demonstrate good cause for ex parte relief; and (2) plaintiff's request for a stay should be rejected on the merits.  Opp'n at 2–6.  The Court agrees.

First, plaintiff has not demonstrated good cause for ex parte relief and did not fully comply with Local Rule 7-19.1.  There is no indication that plaintiff will be "irreparably prejudiced" if his underlying motion to stay is heard on the regular motion calendar.  Mission Power, 883 F. Supp. at 493.  Plaintiff seeks a stay because a judgment following trial on his FTCA claim would bar his Bivens claim pursuant to 28 U.S.C. § 2676.  However, trial is not scheduled to begin until March 20, 2018.  Accordingly, plaintiff has time to file his request for a stay as a regularly noticed motion.  The fact that the Ninth Circuit will not decide plaintiff's motions to dismiss the Bivens defendants' appeals prior to the pretrial conference on February 5, 2018 does not provide good cause for ex parte relief.  In addition, plaintiff's counsel was required to "to make reasonable, good faith efforts orally to advise [opposing] counsel . . . of the date and substance of the proposed ex parte application."  C.D. Cal. L.R. 7-19.1.  On January 16, 2018, plaintiff's counsel advised defense counsel, by email, that plaintiff will file "a motion to stay the proceedings" and "an ex parte application to shorten time on the hearing" for the motion to stay.  Conlogue Decl. ¶ 2, Ex. 1 at 1.  However, on January 20, 2018, plaintiff filed the instant ex parte application for an order staying the proceedings.  Thus, it appears that plaintiff's counsel did not make a reasonable, good faith effort to orally advise defense counsel of the substance of the ex parte.

---

[2] "The judgment in an action under section 1346(b) of [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676.  This "judgment bar" precludes a Bivens claim against a federal employee when a judgment has been entered on a FTCA claim against the same defendant based on the same transaction or occurrence.  See Arevalo v. Woods, 811 F.2d 487, 490 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:13-cv-00669-CAS (JCx) | Date | January 30, 2017 |
| Title | MARCELO HERNANDEZ-ROJAS v. M. K. PINNELL, ET AL. | | |

    Second, plaintiff has not satisfied his burden of establishing that a stay is appropriate under the circumstances. As an initial matter, the Court has no reason to believe that the <u>Bivens</u> defendants' appeals were filed in bad faith. Although plaintiff correctly notes that the denial of a motion for summary judgment regarding qualified immunity on the basis that material facts are in dispute is not generally appealable, see <u>Johnson v. Jones</u>, 515 U.S. 304, 319–20 (1995), the <u>Bivens</u> defendants may properly appeal the "purely legal issue of whether they violated" plaintiff's "clearly established federal rights." <u>Alston v. Read</u>, 663 F.3d 1094, 1098 (9th Cir. 2011). In addition, the Court is not persuaded that the potential application of the FTCA judgment bar constitutes the type of "hardship or inequity" warranting a stay in light of the "fair possibility" that the <u>Bivens</u> defendants could be harmed by remaining embroiled in appellate litigation for years. See <u>Dependable Highway</u>, 498 F.3d at 1066. Plaintiff indicates that should the Court apply California law to his FTCA claim, his damages for pain and suffering would be capped at $250,000, whereas any recovery under <u>Bivens</u> would not be so limited. Mot. at 6–7, n.1. But plaintiff does not explain how the election of remedies imposed by the FTCA judgment bar constitutes a "hardship or inequity." Plaintiff separately argues that California's damages cap is inapplicable because the law of the District of Columbia applies to his FTCA claim. <u>Id.</u> Finally, plaintiff's requested stay would not conserve judicial resources because it would require the Ninth Circuit to hear and decide the <u>Bivens</u> appeals. In contrast, if the case proceeds to trial and judgment is entered on the FTCA claim, defendants could move to dismiss their appeals as moot in light of the FTCA judgment bar.

## IV.   CONCLUSION

    Accordingly, plaintiff's ex parte application for an order to stay further proceedings pending the <u>Bivens</u> defendants' appeals is **DENIED**.

    IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |